UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------
Alissa Veliz-Talavera,

                             Plaintiff,       **CLASS ACTION COMPLAINT**

      -against-


M.L. Zager, P.C.,

                             Defendant.

--------------------------------------------------------------------------------

## COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

Plaintiff brings this action on his own behalf and on behalf of all others similarly situated for damages arising from the defendant's violation of §1692 *et seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### Introduction

1.   This action seeks redress for the illegal practices of Defendant, concerning the collection of debt, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

### Jurisdiction and Venue

2.   This Court has Federal question jurisdiction under 28 U.S.C. § 1331.

3.   Venue is proper in this District because the acts and transactions that give rise to

1

this action occurred, in substantial part, in this District. Additionally, plaintiff resides within the Eastern District.

4. Plaintiff is a resident of Queens County, in the State of New York.

5. Plaintiff is a "Consumer" as that term is defined by § 1692(a)(3) of the FDCPA in that the alleged debt that the Defendant, sought to collect from plaintiff is a consumer debt.

6. Upon information and belief, Defendant is an active New York Corporation, which violated the FDCPA by causing communication to be sent to the plaintiff in New York.

7. Defendant is regularly engaged in the collection of debts allegedly owed by consumers.

8. Defendant is thus a "Debt Collector" as that term is defined by § 1692(a)(6) of the FDCPA.

9. Plaintiff received direct communications from defendant, who caused the collection letters complained of herein to be sent to the home address of plaintiff on or about November 15, 2016.

10. Said communication was an attempt to collect a debt alleged to have been in default.

CLASS ACTION ALLEGATIONS

11. This action is brought by plaintiff as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of plaintiff and all consumers and their successors in interest (the "Class") with addresses located in the United States who have received initial debt collection notices and/or letters from the defendant as of one year prior to the filing of

plaintiff's complaint until the present, which violated the FDCPA in one or more of the ways indicated within this complaint. Excluded from this Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are members, officers, directors, employees, associates or partners of defendant.

12. This action is properly maintained as a class action. The Class satisfies all the requirements of Rule 23 for maintaining a class action.

13. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, 40 or more persons have received debt collection notices and/or voicemails from the defendant, which violate various provisions of the FDCPA.

14. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692(e) and 1692(g).

    b. Whether plaintiff and the Class have been injured by the conduct of the defendant; and

    c. Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of the wrongdoing defendant and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution.

15. The claims of Plaintiff are typical of the claims of the Class. The interests of the plaintiff are not adverse or antagonistic to the interests of other members of the classes.

16. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

17. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. No unusual difficulties are likely to be encountered in the management of this class action.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the members of the Class will continue to suffer losses of statutorily protected rights as well as monetary damages and if the conduct of defendant will proceed without remedy defendant will continue to reap and retain proceeds of ill-gotten gains.

19. Defendant has acted on grounds generally applicable to the Class in its entirety, thereby making appropriate relief with respect to the Class as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

20. All the foregoing paragraphs are incorporated by reference as if set forth fully herein.

21. Upon information and belief, the collection letter that plaintiff received is a form letter sent by defendant to the plaintiff. Attached as Exhibit A is a redacted copy of the collection letter

received by plaintiff.

22. Collection letters, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

23. The letter is an attempt to fool the consumer into believing that if she settles the case now she will avoid a lawsuit.

24. However, the consumer cannot avoid a lawsuit as she had already been sued by the defendant debt collector on November 7, 2016.

25. The letter states the balance as $7,689.57. The lawsuit requested the sum of $6,382.63.

26. The FDCPA was violated by the debt collector falsely stating the amount and character of the debt and attempting to collect amounts that were not legally owed

27. Section 1692(g) requires that the debt collector clearly and accurately inform the consumer of the amount that is owed. Defendant violated this section of the act through its over shadowing of the statement of how much is owed.

**WHEREFORE**, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Awarding plaintiff and the class statutory damages;

c) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

      d)      Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

Dated: Cedarhurst, New York
       February 26, 2017

Plaintiff requests trial by jury on all issues so triable.

        _s/Lawrence Katz_____
        Lawrence Katz, Esq.
        70 East Sunrise Highway Suite 500
        Valley Stream, New York 11581
        Telephone  (516) 374-2118
        Facsimile   (516) 544-8878